J-S68005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| STUART W. WEIDOW, III | : | |
| Appellant | : | No. 174 MDA 2017 |

Appeal from the PCRA Order December 21, 2016
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003841-2010

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.: **FILED NOVEMBER 14, 2017**

Stuart W. Weidow, III, appeals from the trial court's order denying his petition[1] filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Counsel has also filed a petition to withdraw, pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). After careful review, we affirm and grant counsel's petition to withdraw.

---

[1] Our standard of review is well established. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013) (quoting ***Commonwealth v. Rainey***, 928 A.2d 215, 223 (Pa. 2007)).

---

* Retired Senior Judge assigned to the Superior Court.

On May 26, 2011, Weidow pled guilty to one count of Rape of a Child, 18 Pa.C.S. § 3121(c).[2] On August 30, 2011, the trial court sentenced Weidow to 120-240 months' imprisonment, which included the application of a mandatory minimum sentence under 42 Pa.C.S. § 9718.[3] No direct appeal was filed. On November 19, 2015, Weidow filed a *pro se* PCRA petition; counsel was appointed and he filed a supplemental petition raising the constitutionality of Weidow's mandatory minimum sentence. On August 15, 2016, the court held a hearing, calling to counsels' attention the recently decided Supreme Court case, **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016*)*, which held that **Alleyne**[4] does not apply retroactively to cases pending on collateral review. The trial court denied Weidow's petition on December 21, 2016. This timely appeal follows.

We first consider whether counsel has complied with the technical requirements necessary to withdraw under **Turner**/**Finley**.

> Counsel petitioning to withdraw from PCRA representation must proceed [under **Turner**/**Finley** and] must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the [PCRA] court, or [a] brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the

---

[2] After an assessment by the Sexual Offenders Assessment Board (SOAB), Weidow was determined not to be a Sexually Violent Predator.

[3] Section 9718(a)(3) imposes a 10-year mandatory minimum sentence for persons convicted under 3121(c) who commit offenses against infant persons.

[4] In **Alleyne v. United States**, 133 S. Ct. 2151 (2013), the United States Supreme Court held that an element of an offense that increases the mandatory minimum sentence must be found by a jury beyond a reasonable doubt. **Id.** at 2155.

case, listing the issues [that] petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

* * * *

Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court—[PCRA] court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (quoting

**Commonwealth v. Wrecks**, 2007 PA Super 239, 931 A.2d 717, 721 (Pa.

Super. 2007)).

In his brief, counsel has set forth the issues that Weidow seeks to raise on appeal. **See Turner**/**Finley** Brief, at 1. He has also set forth a detailed procedural history of the case, cited to applicable statutes and case law and explained why he believes that Weidow has no meritorious issues to pursue on appeal. We also note that counsel provided Weidow a copy of his **Turner**/**Finley** brief and a letter advising him of his intent to seek to withdraw as counsel and apprising him of his right to retain new counsel or proceed *pro se*. Thus, counsel has complied with the technical requirements under **Turner**/**Finley**.

We must now independently review the record, beginning with the claims that Weidow has raised. Attorney Kelly has identified two issues for our review:

(1) Whether the holding in ***Alleyne v. United States***, 133 S. Ct. 2151 (2013)[,] applies retroactively to attacks upon mandatory minimum sentence[s] advanced on collateral review.

(2) Whether the mandatory minimums related to crimes of improper sexual contact with minors are unconstitutional pursuant to ***Commonwealth v. Wolfe***, 140 A.3d 641 (Pa. 2016).

Instantly, the PCRA court determined that Weidow's petition was untimely filed. The PCRA requires that any petition must be filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Moreover, it is important to note that "although illegal sentencing issues cannot be waived, they still must be presented in a ***timely*** PCRA petition." ***Commonwealth v. Taylor***, 65 A.3d 462 (Pa. Super. 2013) (emphasis added).

Here, Weidow was sentenced on August 30, 2011; he did not file a direct appeal. Thus, his judgment of sentence became final after the time expired for him to file a notice of appeal with this Court, or on September 30, 2011. ***See*** Pa.R.A.P. 903(a). Therefore, Weidow had one year from that date, or until September 30, 2012, to file a timely PCRA petition. ***See*** 42 Pa.C.S. §

9545(b)(1). He did not file the instant petition until November 19, 2015, more than three years late. Accordingly, the PCRA court had no jurisdiction to entertain Weidow's petition unless he established one of the exceptions to the jurisdictional time bar.

A PCRA court will entertain an otherwise untimely petition if the petitioner pleads and proves that: (1) the failure to raise a timely claim was the result of interference by government officials; (2) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (3) the right asserted is a constitutional right that has been recognized by the United States Supreme Court or the Supreme Court of Pennsylvania after the one-year time period, and has been held to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii). Any petition invoking one of these exceptions must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Weidow contends that he was sentenced under an unconstitutional mandatory minimum statute, 42 Pa.C.S. § 9718, and that his sentence should be vacated as illegal pursuant to ***Alleyne***. ***See supra*** n.4. In ***Commonwealth v. Wolfe***, 140 A.3d 651, 663 (Pa. 2016), our Supreme Court held section 9718 is "irremediably unconstitutional on its face, non-severable, and void" under the principles espoused in ***Alleyne***. However, because Weidow's judgment of sentence became final *before* ***Alleyne*** was decided, he is not entitled to relief on his untimely filed PCRA petition. ***See Washington***,

*supra*.  Moreover, pursuant to **Commonwealth v. Riggle**, 119 A.3d 1058, 1064 (Pa. Super. 2015), **Alleyne** does not meet the new constitutional right exception to the PCRA time bar and, as such, **Alleyne** will only be applied to cases pending on direct appeal when **Alleyne** was issued.  Accordingly, Weidow is not entitled to relief; the trial court lacked jurisdiction to consider his petition and properly dismissed it as untimely.  **Taylor**, **supra**.

Order affirmed.  Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2017